MR. JUSTICE SHEA
concurs with the affirmance of the conviction but not in all that is said concerning jury instructions.
I emphasize first that the trial courts and counsel should be discouraged from lifting language from court opinions to be used as jury instructions. It is not good practice. We covered that problem, I thought, in Hunsaker v. Bozeman Deaconess Foundation (1978), 179 Mont. 305, 588 P.2d 493, 509. The plain fact is that court opinions are not designed to nor intend to be jury instructions.
Secondly, I do not agree with the majority opinion that “failure to present a specific, acceptable instruction regarding its own theory precludes the defense from alleging reversible error.” That puts a burden on the defendant or his counsel which is more properly with the trial court. Once the defendant urges a particular theory, and there is evidence in the record relating to that theory, it is then the duty of the trial court to instruct on such theory. The fact that defense counsel does not prepare an acceptable instruction does not relieve the trial court of either putting defense counsel to work drafting a proper one or drafting a proper one himself. It is *122 fundamentally and primarily the duty of the trial court to see that the jury is properly instructed. That he should be aided by trial counsel goes without saying; but that he can be relieved of his obligation by placing the onus on counsel, has the effect of relieving the duty of the trial court to properly instruct the jury. That should never be the case.